**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Carlotta Lee Ruble, | Case No. 2:19-CV-04595-JJT |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| United Services Automobile Association Comprehensive Welfare Benefits Plan, an ERISA benefits plan; Liberty Life Assurance Company of Boston, a plan fiduciary; the Executive Vice President of People Services of the United Services Automobile Association, plan administrator; | |
| Defendants. | |

For their Answer to Plaintiff's Complaint, Defendants, United Services Automobile Association Comprehensive Welfare Benefits Plan, (the "Plan"), Liberty Life Assurance Company of Boston ("Liberty Life"), and the Executive Vice President, Chief Human Resources Officer of the United Services Automobile Association[1] ("USAA's EVP) (collectively "Defendants"), admit, deny, and allege as follows:

---

[1]    Incorrectly named in the Complaint as "Executive Vice President of People Services of the United Services Automobile Association."

1

**JURISDICTION, VENUE AND PARTIES**

1.    Defendants admit that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) but deny that Plaintiff is entitled to any such relief.  Defendants deny all remaining allegations contained in Paragraph 1 of the Complaint.

2.    Defendants admit that the Plan was offered to certain employees of United Services Automobile Association ("USAA").  Defendants further admit that the Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002. Defendants deny all remaining allegations contained in Paragraph 2 of the Complaint.

3.    Defendants admit that USAA sponsored the Plan to provide benefits, including long term disability benefits, to certain of USAA's employees.  Defendants further admit that the Plan is an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002.   Defendants deny all remaining allegations contained in Paragraph 3 of the Complaint.

4.    Defendants admit that Liberty Life issued Group Disability Income Policy Number GF3-891-419734-01 (the "Policy") to USAA, which, at certain times, insured benefits from the Plan.  Defendants deny all remaining allegations contained in Paragraph 4 of the Complaint.

5.    Defendants admit Plaintiff was, at certain times, employed by USAA and a participant in the Plan.  Defendants deny all remaining allegations contained in Paragraph 5 of the Complaint.

2

6. Defendants admit that Plaintiff was, at certain times, employed by USAA and that USAA was the sponsor of the Plan. Defendants deny all remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that Plaintiff was, at certain times, employed by USAA in an Arizona location of USAA. Defendants deny all allegations contained in paragraph 7 of the Complaint.

8. Defendants deny all allegations contained in Paragraph 8 of the Complaint.

9. To the extent the allegations contained in Paragraph 9 seek to interpret the provisions of the Policy or the relevant Summary Plan Description ("SPD") for the Plan, Defendants refer to the Policy and SPD themselves as the best evidence of their contents. Defendants deny all remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny all allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit Liberty Life was, at certain times, the claim administrator for long term disability benefits paid from the Plan under the Policy. Defendants specifically deny that Liberty Life was the Plan Administrator of the Plan. Defendants deny all remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit Liberty Life was, at certain times, the claim administrator for long term disability benefits paid from the Plan under the Policy. Defendants specifically deny that Liberty Life was the Plan Administrator of the Plan.

3

Defendants deny all remaining allegations contained in Paragraph 12 of the Complaint.

13.    Defendants deny all allegations contained in Paragraph 13 of the Complaint.

14.    Defendants deny all allegations contained in Paragraph 14 of the Complaint.

15.    Defendants admit that, at certain times, Liberty Life was the insurer of long-term disability benefits paid from the Plan under the Policy.  Defendants deny all remaining allegations contained in Paragraph 15 of the Complaint.

16.    Defendants admit that Liberty Life issued the Policy to USAA, which, at certain times, insured benefits from the Plan.  Defendants deny all remaining allegations contained in Paragraph 16 of the Complaint.

17.    To the extent that the allegations contained in Paragraph 17 constitute legal conclusions, Defendants are not required to respond.  To the extent a response is required, Defendants admit Liberty Life was, at certain times, the claim administrator for long term disability benefits paid from the Plan under the Policy.  Defendants deny all remaining allegations contained in Paragraph 17 of the Complaint.

18.    To the extent that the allegations contained in Paragraph 18 constitute legal conclusions, Defendants are not required to respond.  To the extent a response is required, Defendants admit that Plaintiff was, at certain times, employed by USAA and a participant in the Plan.  Defendants deny all remaining allegations contained in Paragraph 18 of the Complaint.

4

19.    Defendants deny all allegations contained in Paragraph 19 of the Complaint.

20.    Defendants are without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, deny all allegations contained in Paragraph 20 of the Complaint.

21.    The Plan and USAA's EVP admit that they do business and/or reside in the State of Texas.  Defendants deny all remaining allegations contained in Paragraph 21 of the Complaint.

22.    Defendants admit that Liberty Life is incorporated in New Hampshire and has its principal place of business in the State of Pennsylvania.  Defendants deny all remaining allegations contained in Paragraph 22 of the Complaint.

23.    Defendants admit they are authorized to do business in Maricopa County, Arizona.  Defendants deny all remaining allegations contained in Paragraph 23 of the Complaint.

24.    Defendants admit that this Court has jurisdiction over this matter. Defendants specifically deny, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Defendants.  Defendants deny all remaining allegations contained in Paragraph 24 of the Complaint.

25.    Defendants admit venue of this action is proper in this Court. Defendants deny all remaining allegations contained in Paragraph 25 of the Complaint.

## GENERAL ALLEGATIONS

26.    Defendants admit Plaintiff became employed by USAA in April 2007 and was, at certain times, a Claims Representative/Member Solutions Specialist for USAA.  Defendants deny all remaining allegations contained in Paragraph 26 of the Complaint.

27.    Defendants admit Plaintiff was, at certain times, employed by USAA and that the personnel records of USAA contain various documents pertaining to Plaintiff's job performance at USAA, and Defendants refer to the personnel records themselves as the best evidence of their contents.  Defendants deny all remaining allegations contained in Paragraph 27 of the Complaint.

28.    Defendants admit Plaintiff was, at certain times, employed by USAA as a Member Solutions Specialist.  Defendants deny all remaining allegations contained in Paragraph 28 of the Complaint.

29.    Defendants admit Plaintiff was, at certain times, employed by USAA as a Member Solutions Specialist and that documents pertaining to Plaintiff's job duties at USAA are contained in the administrative record regarding Plaintiff's claim for long term disability benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents.  Defendant's deny all remaining allegations contained in Paragraph 29 of the Complaint.

30.    Defendants admit Plaintiff was, at certain times, employed by USAA as a Member Solutions Specialist and that documents pertaining to Plaintiff's job duties at USAA are contained in the administrative record regarding Plaintiff's claim for long term disability benefits from the Plan, but Defendants refer to the administrative

record itself as the best evidence of its contents. Defendant's deny all remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit Plaintiff was, at certain times, employed as a Member Solutions Specialist in the Real Estate Lending Department at USAA. Defendant's deny all remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit Plaintiff did, at certain times, work from a home office while employed by USAA. Defendant's deny all remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit Plaintiff was, at certain times, employed by USAA as a Member Solutions Specialist and that documents pertaining to Plaintiff's job duties at USAA are contained in the administrative record regarding Plaintiff's claim for long term disability benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendant's deny all remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendants admit Plaintiff was, at certain times, employed by USAA as a Member Solutions Specialist and that documents pertaining to Plaintiff's job duties at USAA are contained in the administrative record regarding Plaintiff's claim for long term disability benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit Plaintiff was, at certain times, employed by USAA as a Member Solutions Specialist and that documents pertaining to Plaintiff's job duties at USAA are contained in the administrative record regarding Plaintiff's claim for long

term disability benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit Plaintiff was, at certain times, employed by USAA as a Member Solutions Specialist and that documents pertaining to Plaintiff's job duties at USAA are contained in the administrative record regarding Plaintiff's claim for long term disability benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 36 of the Complaint.

37. To the extent that the allegations contained in Paragraph 37 seek to interpret the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants admit the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 37 of the Complaint.

38. To the extent that the allegations contained in Paragraph 38 seek to interpret the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 38 of the Complaint.

39. To the extent that the allegations contained in Paragraph 39 seek to interpret the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants admit the Policy includes language pertaining to the definitions

of "Own Occupation" as applicable to a participant's claim for benefits under the Policy, but Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 39 of the Complaint.

40.    To the extent that the allegations contained in Paragraph 40 seek to interpret the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 40 of the Complaint.

41.    To the extent that the allegations contained in Paragraph 41 seek to interpret the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 41 of the Complaint.

42.    To the extent that the allegations contained in Paragraph 42 seek to interpret the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 42 of the Complaint.

43.    To the extent that the allegations contained in Paragraph 43 seek to interpret the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 43 of the Complaint.

44.    Defendants admit Plaintiff was, at certain times, employed by USAA and a participant in the Plan. To the extent that the allegations contained in Paragraph 44 seek to interpret the Policy, Defendants refer to the Policy itself as the best evidence

of its contents. Defendants deny all remaining allegations contained in Paragraph 44 of the Complaint.

45. Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 46 of the Complaint.

47. Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 47 of the Complaint.

48. Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 48 of the Complaint.

49.    Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 49 of the Complaint.

50.    Defendants admit that Plaintiff's last day of work at USAA was January 16, 2017.  Defendants deny all remaining allegations contained in Paragraph 50 of the Complaint.

51.    Defendants admit that Plaintiff received, at certain times, short term disability benefits from the Plan.  Defendants deny all remaining allegations contained in Paragraph 51 of the Complaint.

52.    Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 52 of the Complaint.

53.    Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 53 of the Complaint.

54.    Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for

benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 54 of the Complaint.

55. Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 55 of the Complaint.

56. Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit Liberty Life sent a letter to Plaintiff dated July 18, 2017, but Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 57 of the Complaint.

58. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 58 of the Complaint.

59. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 59 of the Complaint.

60. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 60 of the Complaint.

61. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 61 of the Complaint.

62. Defendants admit the allegations contained in Paragraph 62 of the Complaint.

63. Defendants admit Liberty Life sent a letter to Plaintiff dated August 3, 2017, but refer to the letter itself as the best evidence of its contents. Defendants further admit that, at certain times, Plaintiff received long term disability benefits from the Plan. Defendants deny all remaining allegations contained in Paragraph 63 of the Complaint.

64.    Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 64 of the Complaint.

65.    Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 65 of the Complaint.

66.    Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 66 of the Complaint.

67.    Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 67 of the Complaint.

68.    Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative

record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 68 of the Complaint.

69. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 69 of the Complaint.

70. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 70 of the Complaint.

71. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 71 of the Complaint.

72. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 72 of the Complaint.

73. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 73 of the Complaint.

74. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 74 of the Complaint.

75. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 75 of the Complaint.

76. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 76 of the Complaint.

77. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative

16

record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 77 of the Complaint.

78. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 78 of the Complaint.

79. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 79 of the Complaint.

80. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 80 of the Complaint.

81. Defendants admit Liberty Life sent a letter to Plaintiff dated April 30, 2018, but Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 81 of the Complaint.

82. Defendants admit Liberty Life sent a letter to Plaintiff dated April 30, 2018, but Defendants refer to the letter itself as the best evidence of its contents.

Defendants deny all remaining allegations contained in Paragraph 82 of the Complaint.

83.    Defendants admit Liberty Life sent a letter to Plaintiff dated April 30, 2018, but Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 83 of the Complaint.

84.    Defendants admit only that Liberty Life's decisions on Plaintiff's claims for benefits were based on the administrative record regarding Plaintiff's claims for benefits from the Plan and governed by the terms of the Policy.  Defendants deny all remaining allegations contained in Paragraph 84 of the Complaint.

85.    Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 85 of the Complaint.

86.    Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 86 of the Complaint.

87. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 87 of the Complaint.

88. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 88 of the Complaint.

89. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 89 of the Complaint.

90. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the

19

best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 90 of the Complaint.

91. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 91 of the Complaint.

92. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 92 of the Complaint.

93. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 93 of the Complaint.

94. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the

administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 94 of the Complaint.

95. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 95 of the Complaint.

96. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 96 of the Complaint.

97. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 97 of the Complaint.

98. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the

termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 98 of the Complaint.

99. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 99 of the Complaint.

100. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 100 of the Complaint.

101. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 101 of the Complaint.

102. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 102 of the Complaint.

103. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 103 of the Complaint.

104. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 104 of the Complaint.

105. Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the

best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 105 of the Complaint.

106.  Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 106 of the Complaint.

107.  Defendants admit that Liberty Life received a letter from Plaintiff's counsel dated October 26, 2018, along with additional documents, appealing the termination of Plaintiff's claim for benefits from the Plan, which are contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 107 of the Complaint.

108.  Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 108 of the Complaint.

109.  Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative

record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 109 of the Complaint.

110. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 110 of the Complaint.

111. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 111 of the Complaint.

112. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 112 of the Complaint.

113. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 113 of the Complaint.

114. Defendants admit that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 114 of the Complaint.

115. Defendants admit that claim notes are contained in the administrative record regarding occupational analysis/vocational reviews, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 115 of the Complaint.

116. Defendants admit Liberty Life sent a letter to Plaintiff's counsel dated January 8, 2019, but Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 116 of the Complaint.

117. Defendants deny all allegations contained in Paragraph 117 of the Complaint.

118. Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny all allegations contained in Paragraph 118 of the Complaint.

119. Defendants admit Liberty Life sent a letter to Plaintiff's counsel dated January 8, 2019, but Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 119 of the Complaint.

120. Defendants admit Liberty Life sent a letter to Plaintiff's counsel dated January 8, 2019, but Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 120 of the Complaint.

121. Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 121 of the Complaint.

122. Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123. Defendants admit that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of long-term disability benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Defendants specifically deny, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Defendants deny all remaining allegations contained in Paragraph 123 of the Complaint.

**COUNT I**
**(Recovery of LTD and other Plan Benefits)**
**(Defendants Liberty and the Plan)**

124. Defendants repeat and reallege all of their answers to the allegations contained in Paragraphs 1 through 123 of the Complaint as though fully set forth in response to Paragraph 124 of the Complaint.

125. Defendants admit that the Plan is an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002. Defendants deny all remaining allegations contained in Paragraph 125 of the Complaint.

126. To the extent that the allegations contained in Paragraph 126 seek to interpret the provisions of the SPD or the Policy, Defendants refer to these documents themselves as the best evidence of their contents. Defendants deny all remaining allegations contained in Paragraph 126 of the Complaint.

127. Defendants deny all allegations contained in Paragraph 127 of the Complaint.

128. Defendants admit that Plaintiff submitted claims for, and at certain times received, short disability and long-term disability benefits from the Plan. Defendants deny all remaining allegations contained in Paragraph 128 of the Complaint.

129. Defendants are without sufficient knowledge to either admit or deny Plaintiff's "expectations" and, accordingly, Defendants deny all allegations contained in Paragraph 129 of the Complaint.

130. Defendants deny all allegations contained in Paragraph 130 of the Complaint.

28

131. Defendants deny all allegations contained in Paragraph 131 of the Complaint.

132. Defendants deny all allegations contained in Paragraph 132 of the Complaint.

133. Defendants deny all allegations contained in Paragraph 133 of the Complaint.

134. Defendants deny all allegations contained in Paragraph 134 of the Complaint.

135. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 135 of the Complaint.

136. To the extent that the allegations contained in Paragraph 136 constitute legal conclusions, Defendants are not required to respond. To the extent a response is required, Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny all allegations contained in Paragraph 136 of the Complaint.

137. Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny all allegations contained in Paragraph 137 of the Complaint.

138. Defendants deny all allegations contained in Paragraph 138 of the Complaint.

139. Defendants deny all allegations contained in Paragraph 139 of the Complaint.

140. Defendants deny all allegations contained in Paragraph 140 of the Complaint.

141. Defendants deny all allegations contained in Paragraph 141 of the Complaint.

142. Defendants deny all allegations contained in Paragraph 142 of the Complaint.

143. Defendants deny all allegations contained in Paragraph 143 of the Complaint.

144. Defendants deny all allegations contained in Paragraph 144 of the Complaint.

145. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 145 of the Complaint.

146. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 146 of the Complaint.

147. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 147 of the Complaint.

148. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 148 of the Complaint.

149. Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 149 of the Complaint.

150. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 150 of the Complaint.

151. Defendants deny all allegations contained in Paragraph 151 of the Complaint.

31

152. Defendants admit only that a letter to Plaintiff's counsel dated April 13, 2019, is attached as Exhibit 1 to Plaintiff's Complaint, and Defendants refer to the Exhibit itself as the best evidence of its contents. Defendants deny Exhibit 1 is part of the administrative record and deny all remaining allegations contained in Paragraph 152 of the Complaint.

153. Defendants admit only that a letter to Plaintiff's counsel dated April 13, 2019, is attached as Exhibit 1 to Plaintiff's Complaint, and Defendants refer to the Exhibit itself as the best evidence of its contents. Defendants deny Exhibit 1 is part of the administrative record and deny all remaining allegations contained in Paragraph 153 of the Complaint.

154. Defendants admit only that a letter to Plaintiff's counsel dated April 13, 2019, is attached as Exhibit 1 to Plaintiff's Complaint, and Defendants refer to the Exhibit itself as the best evidence of its contents. Defendants deny Exhibit 1 is part of the administrative record and deny all remaining allegations contained in Paragraph 154 of the Complaint.

155. Defendants admit only that a letter to Plaintiff's counsel dated April 13, 2019, is attached as Exhibit 1 to Plaintiff's Complaint, and Defendants refer to the Exhibit itself as the best evidence of its contents. Defendants deny Exhibit 1 is part of the administrative record and deny all remaining allegations contained in Paragraph 155 of the Complaint.

156. Defendants deny all allegations contained in Paragraph 156 of the Complaint.

157. Defendants deny all allegations contained in Paragraph 157 of the Complaint.

158. Defendants deny all allegations contained in Paragraph 158 of the Complaint.

159. Defendants deny all allegations contained in Paragraph 159 of the Complaint.

160. Defendants deny all allegations contained in Paragraph 160 of the Complaint.

161. Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny all allegations contained in Paragraph 161 of the Complaint.

162. Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny all allegations contained in Paragraph 162 of the Complaint.

163. Defendants deny all allegations contained in Paragraph 163 of the Complaint.

164. Defendants deny all allegations contained in Paragraph 164 of the Complaint.

165. Defendants deny all allegations contained in Paragraph 165 of the Complaint.

166. Defendants deny all allegations contained in Paragraph 166 of the Complaint.

167. Defendants deny all allegations contained in Paragraph 167 of the Complaint.

168. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 168 of the Complaint.

169. To the extent that the allegations contained in Paragraph 169 constitute legal conclusions, Defendants are not required to respond. Defendants deny all remaining allegations contained in Paragraph 169 of the Complaint.

170. To the extent that the allegations contained in Paragraph 170 constitute legal conclusions, Defendants are not required to respond. Defendants deny all remaining allegations contained in Paragraph 170 of the Complaint.

171. To the extent that the allegations contained in Paragraph 171 constitute legal conclusions, Defendants are not required to respond. Defendants deny all remaining allegations contained in Paragraph 171 of the Complaint.

172. To the extent that the allegations contained in Paragraph 172 constitute legal conclusions, Defendants are not required to respond. Defendants deny all remaining allegations contained in Paragraph 172 of the Complaint.

173. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative

record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 173 of the Complaint.

174. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 174 of the Complaint.

175. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 175 of the Complaint.

176. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 176 of the Complaint.

177. Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 177 of the Complaint.

178.    Defendants admit Liberty Life sent a letter to Plaintiff's counsel dated January 8, 2019, but Defendants refer to the letter itself as the best evidence of its contents.  Defendants further admit only that Liberty Life's decisions on Plaintiff's claims for benefits were based on the administrative record regarding Plaintiff's claims for benefits from the Plan and governed by the terms of the Policy.  Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny all allegations contained in Paragraph 178 of the Complaint.

179.    Defendants deny all allegations contained in Paragraph 179 of the Complaint.

180.    Defendants admit Liberty Life sent a letter to Plaintiff's counsel dated January 8, 2019, but Defendants refer to the letter itself as the best evidence of its contents.  Defendants further admit only that Liberty Life's decisions on Plaintiff's claims for benefits were based on the administrative record regarding Plaintiff's claims for benefits from the Plan and governed by the terms of the Policy.  Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny all allegations contained in Paragraph 180 of the Complaint.

181.    Defendants admit only that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants deny that they violated

any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny all allegations contained in Paragraph 181 of the Complaint.

182.    Defendants admit that independent physician peer reports and reviews are contained in the administrative record regarding Plaintiff's claims for benefits from the Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents.  Defendants further admit only that Liberty Life's decisions on Plaintiff's claims for benefits were based on the administrative record regarding Plaintiff's claims for benefits from the Plan and governed by the terms of the Policy.  Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny all allegations contained in Paragraph 182 of the Complaint.

183.    Defendants deny all allegations contained in Paragraph 183 of the Complaint.

184.    Defendants deny all allegations contained in Paragraph 184 of the Complaint.

185.    Defendants deny all allegations contained in Paragraph 185 of the Complaint.

186.    Defendants deny all allegations contained in Paragraph 186 of the Complaint.

187.    Defendants admit that Liberty Life was acquired by Lincoln Financial Group ("Lincoln").  Defendants deny all remaining allegations contained in Paragraph 187 of the Complaint.

188.    Defendants deny all allegations contained in Paragraph 188 of the Complaint.

189.    Defendants deny all allegations contained in Paragraph 189 of the Complaint.

190.    Defendants deny all allegations contained in Paragraph 190 of the Complaint.

191.    Defendants deny all allegations contained in Paragraph 191 of the Complaint.

192.    Defendants deny all allegations contained in Paragraph 192 of the Complaint.

193.    Defendants deny all allegations contained in Paragraph 193 of the Complaint.

194.    To the extent the allegations contained in Paragraph 194 seek to interpret the provisions of the SPD for the Plan, Defendants refer to the SPD itself as the best evidence of its contents.    Defendants deny all remaining allegations contained in Paragraph 194 of the Complaint.

195.    To the extent the allegations contained in Paragraph 195 seek to interpret the provisions of the SPD for the Plan, Defendants refer to the SPD themselves as the best evidence of its contents.  Defendants deny all remaining allegations contained in Paragraph 195 of the Complaint.

196.    To the extent the allegations contained in Paragraph 196 seek to interpret the provisions of the Policy or the relevant SPD for the Plan, Defendants refer to the

Policy and SPD themselves as the best evidence of their contents.  Defendants deny all remaining allegations contained in Paragraph 196 of the Complaint.

197.    Defendants deny all allegations contained in Paragraph 197 of the Complaint.

198.    To the extent that the allegations contained in Paragraph 198 of the Complaint contain legal conclusions, Defendants are not required to respond.  To the extent a response is required, Defendants deny Plaintiff is entitled to any remedy or relief against them whatsoever.

199.    Defendants deny all allegations contained in Paragraph 199 of the Complaint.

200.    To the extent that the allegations contained in Paragraph 200 of the Complaint contain legal conclusions, Defendants are not required to respond.  To the extent a response is required, Defendants deny Plaintiff is entitled to any remedy or relief against them whatsoever.

201.    To the extent that the allegations contained in Paragraph 201 of the Complaint contain legal conclusions, Defendants are not required to respond.  To the extent a response is required, Defendants deny Plaintiff is entitled to any remedy or relief against them whatsoever.

202.    Defendants deny all allegations contained in Paragraph 202 of the Complaint.

203.    Defendants deny all allegations contained in Paragraph 203 of the Complaint.

204.    Defendants deny all allegations contained in Paragraph 204 of the Complaint.

205.    Defendants deny all allegations contained in Paragraph 205 of the Complaint.

## COUNT II
### (Breach of Fiduciary Duties)
### (Liberty and the Plan Administrator)

206.    Defendants repeat and reallege all of their answers to the allegations contained in Paragraphs 1 through 205 of the Complaint as though fully set forth in response to Paragraph 206 of the Complaint.

207.    To the extent that the allegations contained in Paragraph 207 constitute legal conclusions, Defendants are not required to respond.  To the extent a response is required, Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny that Plaintiff is entitled to any remedy or relief against them whatsoever.

208.    To the extent that the allegations contained in Paragraph 208 constitute legal conclusions, Defendants are not required to respond.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 208 of the Complaint.

209.    To the extent that the allegations contained in Paragraph 209 constitute legal conclusions, Defendants are not required to respond.  To the extent that the allegations contained in Paragraph 209 seek to interpret the Policy or the SPD, Defendants refer to the documents themselves as the best evidence of their contents.

40

Defendants admit the Plan Administrator is a fiduciary for the Plan.  Defendants deny all remaining allegations contained in Paragraph 209 of the Complaint.

210.    To the extent that the allegations contained in Paragraph 210 constitute legal conclusions, Defendants are not required to respond.  To the extent a response is required, Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claim for benefits and deny all remaining allegations contained in Paragraph 210 of the Complaint.

211.    To the extent that the allegations contained in Paragraph 211 constitute legal conclusions, Defendants are not required to respond.  To the extent a response is required, Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claim for benefits and deny all remaining allegations contained in Paragraph 211 of the Complaint.

212.    Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claim for benefits and deny all remaining allegations contained in Paragraph 212 of the Complaint.

213.    Defendants deny the allegations contained in Paragraph 213 of the Complaint.

214.     Defendants deny the allegations contained in Paragraph 214 of the Complaint.

215.    Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claim for benefits and deny all remaining allegations contained in Paragraph 215 of the Complaint.

216.    To the extent the allegations in Paragraph 216 contain legal conclusions, Defendants are not required to respond.    To the extent a response is required, Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny that Plaintiff is entitled to any remedy or relief against them whatsoever.

217.    Defendants deny the allegations contained in Paragraph 217 of the Complaint.

218.    Defendants deny the allegations contained in Paragraph 218 of the Complaint.

219.    Defendants deny the allegations contained in Paragraph 219 of the Complaint.

220.    Defendants deny the allegations contained in Paragraph 220 of the Complaint.

221.    Defendants deny the allegations contained in Paragraph 221 of the Complaint.

222.    Defendants deny the allegations contained in Paragraph 222 of the Complaint.

223.    Defendants deny the allegations contained in Paragraph 223 of the Complaint.

224.    Defendants deny the allegations contained in Paragraph 224 of the Complaint.

225.    To the extent the allegations in Paragraph 225 contain legal conclusions, Defendants are not required to respond.    To the extent a response is required,

Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny that Plaintiff is entitled to any remedy or relief against them whatsoever.

226. Defendants deny the allegations contained in Paragraph 226 of the Complaint.

227. Defendants deny the allegations contained in Paragraph 227 of the Complaint.

228. Defendants deny the allegations contained in Paragraph 228 of the Complaint.

229. Defendants are without sufficient knowledge to either admit or deny allegations concerning Plaintiff's beliefs and/or what she may have "relied on", and accordingly, deny the allegations contained in Paragraph 229 of the Complaint.

230. Defendants deny the allegations contained in Paragraph 230 of the Complaint.

231. Defendants deny the allegations contained in Paragraph 231 of the Complaint.

232. Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claim for benefits and deny all remaining allegations contained in Paragraph 232 of the Complaint.

233. Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claim for benefits and deny all remaining allegations contained in Paragraph 233 of the Complaint.

234.     Defendants deny the allegations contained in Paragraph 234 of the Complaint.

235.     Defendants deny the allegations contained in Paragraph 235 of the Complaint.

236.     To the extent the allegations in Paragraph 236 contain legal conclusions, Defendants are not required to respond.   To the extent a response is required, Defendants deny that they violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and deny that Plaintiff is entitled to any remedy or relief against them whatsoever.

237.     Defendants deny the allegations contained in Paragraph 237 of the Complaint.

238.     Defendants are without sufficient knowledge to either admit or deny allegations concerning Plaintiff's finances, and accordingly, deny the allegations contained in Paragraph 238 of the Complaint.

239.     Defendants admit that Plaintiff's status affected her ability to participate in USAA medical insurance.  Defendants deny all remaining allegations contained in Paragraph 239 of the Complaint.

240.     Defendants are without sufficient knowledge to either admit or deny allegations concerning Plaintiff's finances, and accordingly, deny the allegations contained in Paragraph 240 of the Complaint.

241.     Defendants are without sufficient knowledge to either admit or deny allegations concerning Plaintiff's finances and debts, and accordingly, deny the allegations contained in Paragraph 241 of the Complaint.

44

242.    Defendants are without sufficient knowledge to either admit or deny allegations concerning Plaintiff's finances, and accordingly, deny the allegations contained in Paragraph 242 of the Complaint.

243.    Defendants deny all allegations contained in Paragraph 243 of the Complaint.

244.    Defendants deny all allegations contained in Paragraph 244 of the Complaint and deny Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Defendants deny all allegations contained in the Complaint not specifically admitted to herein.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claims for benefits from the Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.    Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the Policy, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and disability benefits Plaintiff or her dependents have received from the Social Security Administration.

4.    Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5.    To the extent that Plaintiff seeks recovery from Defendants other than past benefits from the Plan or attorneys' fees, such recovery is not permitted under ERISA.

6.    Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7.    Plaintiff was not prejudiced by any alleged failure of Liberty Life to provide documents within the purview of 29 U.S.C. § 1132(c)(1)(B).

8.    Defendants fully and timely complied with all of Plaintiff's requests for documents that are within the purview of 29 U.S.C. § 1132(c)(1)(B).

9.    Liberty Life is not an entity from which statutory penalties under 29 U.S.C. § 1132(c)(1)(B) can be assessed or from which such statutory penalties may be recovered.

10.    Plaintiff has failed to state a claim under 29 USC § 1132(a)(3) upon which relief can be granted in that Plaintiff seeks recovery for the same acts for which suit is brought under 29 USC § 1132(a)(1)(B).

11.    Defendants reserve the right to assert additional defenses.

## **PRAYER**

Defendants request that the Court enter judgment that Plaintiff recovers nothing by this action, that Defendants be awarded their attorneys' fees and costs pursuant to 29

46

U.S.C. § 1132(g), and that Defendants be awarded such other and further relief to which they may show themselves entitled.

RESPECTFULLY SUBMITTED this 23rd day of August 2019.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By:    /s/ Iwana Rademaekers
         Iwana Rademaekers
         Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2019, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Erin Ronstadt, Esq.
Email:  erin@oberpekas.com

Clayton W. Richards, Esq.
Email:  clayton@oberpekas.com

*Attorneys for Plaintiff*

By:   /s/Sandy Acker
      Employee of the Law Offices of
      Iwana Rademaekers, P.C.