Erin Rose Ronstadt, SBN 028362
Clayton W. Richards, SBN 029054
OBER PEKAS RONSTADT, PLLC
3030 N. 3rd Street, Suite 1230
Phoenix AZ 85012
Phone: (602) 277-1745
Fax: (602) 761-4443
erin@oberpekas.com
clayton@oberpekas.com

*Attorneys for Plaintiff*

**Admitted Pro Hac Vice**
Iwana Rademaekers, SBN Texas 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, TX 75254
Main:(214) 579-9319
Fax:  (469) 444-6456
iwana@rademaekerslaw.com

*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlotta Lee Ruble, | No. CV-19-04595-PHX-JJT |
| Plaintiff, | |
| v. | |
| United Services Automobile Association Comprehensive Welfare Benefits Plan, an ERISA benefit plan; Liberty Life Assurance Company of Boston, a plan fiduciary; the Executive Vice President of People Services of the United Services Automobile Association, plan administrator; | **RULE 26(f) MEETING AND JOINT PROPOSED DISCOVERY PLAN** |
| Defendants. | |

In accordance with this Court's August 26, 2019 Order (Doc. 18), the parties

conferred as required by Rule 26(f), *Federal Rules of Civil Procedure*, to develop a Joint Proposed

Discovery Plan, which is set forth below:

**1.    THE PARTIES WHO ATTENDED THE RULE 26(f) MEETING AND ASSISTED IN DEVELOPING THE PLAN:**

Attorneys Erin Rose Ronstadt and Clayton W. Richards on behalf of Plaintiff Carlotta

**OBER PEKAS RONSTADT, PLLC**
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

Lee Ruble ("Ms. Ruble" or "Plaintiff").

Attorney Iwana Rademaekers on behalf of Defendants United Services Automobile Association Comprehensive Welfare Benefits Plan (the "Plan"), Liberty Life Assurance Company of Boston ("Liberty"), and the Executive Vice President of People Services of the United Services Automobile Association (the "Plan Administrator") (collectively, "Defendants").

**2.     A DESCRIPTION OF THE PRINCIPAL FACTUAL AND LEGAL DISPUTES IN THE CASE:**

This is an action regarding an adverse determination of long-term disability ("LTD") benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as well as a claim for breach of fiduciary duty under ERISA.

**_Plaintiff:_**

Ms. Ruble worked for United Services Automobile Association for approximately 10 years. She stopped working on January 16, 2017 due to her disability resulting from lower back pain and other related symptoms. Ms. Ruble has a history of two low back surgeries on the same level of her lumbar spine. Her most recent surgery occurred in January 2017. The surgery failed to alleviate her symptoms. In March 2017, Ms. Ruble went to the emergency room for extreme back pain. Diagnostic imaging conducted at the hospital revealed probable nerve root impingement in the spine. Ms. Ruble applied for, and received, short-term disability benefits through Liberty from January 17, 2017 through the maximum benefit period. Liberty subsequently awarded Ms. Ruble LTD benefits effective July 2017. In a conversation with a Liberty medical consultant in July 2017, Ms. Ruble's treating orthopedic surgeon opined Ms. Ruble would not "be able to return to meaningful work."

Liberty terminated Ms. Ruble's LTD benefits on April 30, 2018, just nine months later, based on the opinion of a non-examining medical consultant who opined Ms. Ruble had no physical restrictions and limitations whatsoever. Ms. Ruble timely appealed the termination on October 26, 2018 and submitted compelling new evidence in support of continued disability under the Plan, including a work-preclusive physician's statement, a functional

OBER PEKAS RONSTADT, PLLC
3030 North 3rd Street, Suite 1230
Phoenix, AZ  85012
(602) 277-1745

capacity examination ("FCE"), a vocational evaluation, the personal declarations of Ms. Ruble and her family, and updated medical records. Once again, Liberty deferred its review on appeal to the opinions of consultants who never examined Ms. Ruble.

On January 7, 2019, Liberty upheld its prior unfavorable LTD decision. An addendum report by the physical therapist who performed Ms. Ruble's initial FCE unequivocally debunks the opinion of the consultant upon which Liberty relied to deny Ms. Ruble's appeal. Ms. Ruble exhausted her administrative remedies and timely filed this lawsuit.

Accordingly, the case involves the following claims:

- Count I: Ms. Ruble claims LTD benefits, and other benefits to which she is entitled under the Plan, due to her disability under the terms of the Plan. *See* 29 U.S.C. § 1132(a)(1)(B).

- Count II:  Ms. Ruble seeks equitable relief for breaches of fiduciary duty under 29 U.S.C. § 1132(a)(3), which includes injunctive relief and surcharge.

Defendants' wrongdoing is detailed in the Complaint (Doc. 1). Ms. Ruble seeks past-due benefits under Count I against Liberty and the Plan, along with reinstatement of any other benefit under the Plan to which Ms. Ruble is entitled as a result of her disability, including attorneys' fees, costs, and prejudgment interest. Under Count II, Ms. Ruble seeks other equitable relief for breaches of fiduciary duty committed by Liberty and the Plan Administrator. Under 29 U.S.C. § 1132(a)(3), this Court may enjoin any act or practice that violates ERISA or the terms of the LTD Plan, as well as grant other appropriate equitable relief, provided that such relief is not recoverable under 29 U.S.C. § 1132(a)(1)(B). Based on the facts of this case, Ms. Ruble has "other equitable relief" available to her in several forms, including but not limited to injunctive relief and surcharge, because the relief available under 29 U.S.C. § 1132(a)(1)(B) does not make Ms. Ruble whole for her losses from Liberty's and the Plan Administrator's breaching conduct. *See McGlasson v. Long Term Disability Coverage for All Active Full-Time & Part-Time Employees*, 161 F. Supp. 3d 836 (D. Ariz. 2016) (citing *Braun v. USAA Group Disability Income*, No. 13-CV-01923, 2014 WL 3339795, at *3 (D. Ariz. July 8, 2014); *Mullin v. Scottsdale Healthcare Corp. Long Term Disability Plan*, No. 15-CV-01547, 2016 WL

107838, at *3-4 (D. Ariz. Jan. 11, 2016); *A.F. v. Providence Health Plan*, 157 F. Supp. 3d 899, No. 13-cv-00776, 2016 WL 81796 (D. Or. Jan. 7, 2016)); *Medeiros v. Wells Fargo & Co. Long Term Disability Plan*, No. CV-14-01129-PHX-JZB, 2014 U.S. Dist. LEXIS 166505 (D. Ariz. Dec. 1, 2014) (citing *Braun*, at *7-8).

**Defendants:**

Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), as pled in Count I of the Complaint, but Plaintiff has failed to state a claim against Liberty Life for breach of fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3), as pled in Count II of the Complaint. Moreover, the remedies sought in Count II are not available under ERISA. Liberty Life's determinations on Plaintiff's claims for benefits from the relevant plans were reasoned, based on substantial evidence, and correctly interpreted the relevant plan documents. Plaintiff received a full and fair review of her claims by Liberty Life, and that there is no evidence that so-called structural conflict affected the decisions, which were not arbitrary, capricious, or an abuse of discretion. Moreover, Defendants deny that it breached any fiduciary or other duty owed to Plaintiff.

**3. THE JURISDICTIONAL BASIS FOR THE CASE, CITING SPECIFIC JURISDICTIONAL STATUTES:**

This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1332, 2201-02 (declaratory judgments).

**4. ANY PARTIES WHICH HAVE NOT BEEN SERVED AND AN EXPLANATION OF WHY THEY HAVE NOT BEEN SERVED; AND ANY PARTIES WHICH HAVE BEEN SERVED BUT HAVE NOT ANSWERED OR OTHERWISE APPEARED:**

None.

**5. A STATEMENT OF WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE TO AMEND PLEADINGS:**

Neither party expects to add additional parties or otherwise amend the pleadings at this time.

**6. PROPOSED SPECIFIC DATES:**

*Pursuant to the Court's Order:*

      a.  Deadline for initial disclosures: **Friday, November 1, 2019.**

      b.  Deadline for joining parties and amending pleadings: **Friday, January 10, 2020.**

      c.  Deadline for Plaintiff to submit to Defendants any documents she contends should be in the Administrative Record that are not included in the record physically delivered to the plaintiff already: **Friday, July 3, 2020**. Deadline for submission of the Administrative Record to the Court: **Friday, July 31, 2020.**

      d.  Deadlines for filing Plaintiff's opening brief: **Friday, August 14, 2020**. Defendants' response brief: **Friday September 18, 2020**. Plaintiff's reply brief: **Friday, October 23, 2020**.

      e.  Oral argument on the briefs: **Friday, November 20, 2020**.

      f.  Deadline for engaging in good faith settlement talks: **Friday, December 20, 2019**.

*Other Proposed, Additional Dates (See Section 8 Below):*

      g.  Deadline to complete written discovery and depositions: **Friday, June 19, 2020**.

**7. THE PROSPECTS FOR SETTLEMENT, INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTLEMENT EFFORTS**

The parties will engage in good faith face-to-face settlement discussions by no later than **Friday, December 20, 2019**. The parties agree that such efforts may be assisted by the utilization of a magistrate judge or private mediation.

**8. ANY OTHER MATTERS THAT WILL AID THE COURT AND PARTIES IN RESOLVING THIS CASE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE:**

Plaintiff believes that discovery is appropriate in this case, and that the Court should set a deadline for the completion of discovery on Plaintiff's claims consistent with well-

OBER PEKAS RONSTADT, PLLC
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

established case law.  Defendants believes that ERISA cases do not follow the ordinary course of discovery and discovery is limited in that regard.

**_Plaintiff:_**

According to the deadlines set forth below, Ms. Ruble requests the opportunity to propose discovery. Discovery will be narrowly tailored and proposed pursuant to the scope of discovery under F.R.C.P. 26(b)(1).

With respect to her claim for benefits under § 1132(a)(1)(B), Ms. Ruble is entitled to discovery, and the scope and purpose of discovery depends on the applicable standard of review. If the appropriate standard of review is abuse of discretion, then she is entitled to seek discovery if there is a conflict of interest that may have influenced Liberty's decision to terminate her disability claim. *See Metro Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). *Abatie* is clear that a district court may "consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Abatie*, at 970.

Liberty operated under a structural conflict of interest. Liberty both insured and paid the LTD claims it administered under the Policy. Ms. Ruble is entitled to discovery into that conflict of interest. *See Metro Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). The inquiry is not whether there was a conflict, but in the face of a conflict, how much that conflict influenced Liberty's decision making. *See id.*

As this this district court has acknowledged previously, at least some discovery is appropriate in ERISA cases, especially when there is a conflict of interest at play in administering benefits. *See, e.g., Mullin v. Scottsdale Health Corp. Long Term Disability Plan* (D. Ariz. Jan. 28, 2016, No. CV-15-01547-PHX-DLR); *see also Wilcox v. Metro. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 2977 (D. Ariz. 2009). The Ninth Circuit has made clear that plaintiffs should be permitted to conduct discovery into the conflict of interest; **in fact, should Ms. Ruble fail to conduct discovery and take depositions, she could be faulted for her**

-6-

**failure to do so**. *See Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 903, (9th Cir. 2016) (emphasis added) ("Mr. Demer failed as well to develop more powerful evidence [through discovery] that could have established enhanced skepticism in reviewing MetLife's decision."). Once a plaintiff produces evidence that the conflict affected the decision, a rebuttable presumption arises in the plaintiff's favor and Defendants bear the burden to prove the conflict had no effect. *Id.* at 902. Given the conflict of interest and facts of this case, discovery is appropriate.

In addition to her claim for benefits under § 1132(a)(1)(B), Ms. Ruble has separately pled claims for breach of fiduciary duty under § 1132(a)(3), and the Ninth Circuit has made clear that she is entitled to discovery on these claims as well. *See Guenther v. Lockheed Martin Corp.*, 2016 U.S. App. LEXIS 5783, 2016 WL 1212078 (9th Cir. 2016) ("On remand, the court should allow discovery of evidence relevant to [the § 1132(a)(3) claim], including evidence outside the administrative record.") (citing *Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1355 (D. Wyo. 2007) (distinguishing § 1132(a)(1)(B) claims from § 1132(a)(3) claims and allowing discovery outside the administrative record for the latter); *see also Colaco v. ASIC Advantage Simplified Pension Plan*, 301 F.R.D. 431, 434-35 & n.27 (N.D. Cal. 2014) (citing *Jensen* and allowing discovery beyond administrative record in connection with § 1132(a)(3) claim); *Sconiers v. First Unum Life Ins. Co.*, 830 F. Supp. 2d 772, 778 (N.D. Cal. 2011) (denying summary judgment as premature and allowing discovery into § 1132(a)(3) claim)). This is because such claims are not limited to the administrative record. *See Colaco* at 433.

On her claims, Ms. Ruble seeks the right to conduct depositions, which she will generally keep to two (2) to four (4) hours each, with the exception of a 30(b)(6) deposition lasting seven (7) hours. She asks to otherwise propound written discovery consistent with limitations set forth in the Federal Rules of Civil Procedure.

**Defendants**s

The "tiebreaker" language in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343 (2008) raises a significant question whether information or documents concerning

OBER PEKAS RONSTADT, PLLC
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

conflict are relevant in a case such as this one in which the administrative record clearly supports Defendants' decisions on Plaintiff's claim. In *Glenn*, the Supreme Court has stated that several different factors, including the existence and extent of conflict, must be considered in reaching results in these cases, but that "any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." *Glenn*, 128 S.Ct. at 2351. Thus, when strong evidence supporting the administrator's decision exists, the conflict issue is not a factor for consideration. Additionally, that discovery in these cases must be limited is especially true when considering, as the Supreme Court recently commented on again after its holding in Glenn, that by enacting ERISA, Congress intended "to create a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place." *Conkright v. Frommert*, 559 U.S. 506, 130 S.Ct. 1640, 1646 (2010), citing *Varity Corp. v. Howe*, 516 U.S. 489, 497, 116 S.Ct. 1065 (1996). Permitting discovery of the type and extent of that propounded by Plaintiff here clearly frustrates the Congressional intent of efficiency in the administration of claims under ERISA.

RESPECTFULLY SUBMITTED this 7th day of October, 2019.

OBER PEKAS RONSTADT          LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: *s/ Erin Rose Ronstadt*          By: *s/ Iwana Rademaekers*
    Erin Rose Ronstadt              Iwana Rademaekers
    Clayton W. Richards              *Attorney for Defendants*
    *Attorneys for Plaintiff*

**OBER PEKAS RONSTADT, PLLC**
3030 North 3rd Street, Suite 1230
Phoenix, AZ  85012
(602) 277-1745

-8-

**CERTIFICATE OF SERVICE**

I certify that on October 7, 2019, I electronically transmitted the foregoing to the

Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic

Filing to the following CM/ECF registrants:

Iwana Rademaekers, SBN Texas 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550, Suite 550, Dallas, TX 75254
Phone:(214) 564-9542
iwana@rademaekerslaw.com
*Attorney for Defendant Liberty*

*s/ Ashley Porter*

OBER PEKAS RONSTADT, PLLC
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745